# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| KEIRON KENNETH HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-135 |
| | ) | |
| STG SHEAROUSE, ET AL., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, Keiron Kenneth Holmes, proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 Complaint alleging multiple constitutional violations. *See* doc. 1; doc. 18. The Court previously screened his pleadings pursuant to 28 U.S.C. §1915A and, in doing so, afforded plaintiff an opportunity to file an amendment to more fully plead two specific claims: (1) denial of prescribed medication and (2) denial of access to counsel. Doc. 22 at 12 & 29–30. He has filed amendments, doc. 23 at 3; doc. 25, which the Court now screens.[1]

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable

Plaintiff's original allegation that prison officials withheld his prescribed pain medication consisted of a single conclusory sentence, "Medical didn't give me my pain pill that the doctor from [M]emorial [H]ospital precribe [sic] me." Doc. 18 at 18. As the Court noted in its Report and Recommendation, denial-of-adequate-medical-care claims require a showing of "deliberate indifference to the serious medical needs of prisoners." Doc. 22 at 5 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Though the existence of a prescription is enough to demonstrate a sufficiently serious medical need, *see Qamar v. Central Intelligence Agency*, 489 F. App'x. 393, 396 (11th Cir. 2012) ((recognizing that the knowing failure to administer prescribed treatment can

---

complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards at screening. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) discussing a Rule 12(b)(6) dismissal).

constitute deliberate indifference) (citing *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988)), it is less certain whether plaintiff satisfied the remaining elements—deliberate indifference by prison staff and a resulting injury.

> Plaintiff's amendment reads in its entirety:
>
> The doctor sent a prescription for pain pills to the jail with me for injuries obtain[ed] outside of the jail. While here at the Chatham County Detention Center I was refuse[d] any medication at all after complain[ing] of being in pain. Medical records along with expert witnesses can tell the extent of my injuries along with how bad the pills was [sic] needed.

Doc. 23 at 3. Though marginally more elucidating that his prior submission, this does not fully address the deficiencies identified by the Court. The subjective element of deliberate indifference requires that plaintiff allege that defendants (1) possessed subjective knowledge of a risk of serious harm and (2) disregarded that risk (3) by conduct that is more than [gross] negligence. *See Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) *abrogated on other grounds by Kingsley v. Henrickson*, 576 U.S. 389 (2015). It remains ambiguous whether the prison medical staff was aware of the prescription or if the alleged pain was related to the injury for which the medication was prescribed. At this stage of the litigation, however, the Court is obligated to draw all reasonable inferences in favor

of a *pro se* litigant. *Bumpus v. Watts*, 448 F. App'x. 3, 4 n.1 (11th Cir. 2011) (When reviewing the complaint of a *pro se* litigant, the Court will accept the allegation as true and construe them in the light most favorable to the plaintiff.).  This includes inferring that the medical staff was collectively aware that plaintiff had a prescription for medication related to the pain of which he was complaining.  The Court also draws the liberal inference that the denial of the mediation was more than negligence or malpractice.  Therefore, plaintiff has sufficiently alleged a denial-of-adequate-medical-care claim, as it relates to denial of prescription medication.

  Plaintiff's original allegations of interference with his ability to meet with counsel were also terse, alleging only that "jail officials stop[ped] me from seeing my lawyer when he came to visit me."  Doc. 18 at 12.  His amendment provides more details:

> My attorney came out here to visit the Chatham County Detention Center on multiple occasion[s] to visit me and talk to me about my case and my release and jail officials refuse to allow me to speak with him, without a legitimate reason and this has cause[d] me to have to sit in jail longer which has cause[d] mental health problem[s] along with emotional pain and suffering.  Official was informed by me that the more they deny my visit with my attorney the longer it will take me to get out [of] jail, they ignore what I told them and still denied my attorney visit and access to the law library.

Doc. 25 at 1.

Though not fully clear, plaintiff's reference to his continued incarceration suggests that his allegation relates to meetings with the attorney in his underlying criminal case. The Sixth Amendment right of a criminal defendant to competent representation extends beyond the courtroom and includes the period of preparation in advance of trial. *Maine v. Moulton*, 474 U.S. 159, 170 (1985). Important to this right is a defendant's ability to communicate with his attorney, even while incarcerated. *Id*. As plaintiff is a pretrial detainee and has alleged that his ability to communicate with counsel was impaired by prison staff, his denial of access to counsel claim survives screening.

Plaintiff's amendment also alleges that he was denied access to a law library. Doc. 25 at 1. It is unclear why plaintiff seeks law library access. Plaintiff does not need access in his criminal case, where he is represented by counsel. As for his civil case, the right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, prisoners do not have "an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518

U.S. 343, 351 (1996). The Court must, therefore, consider whether the prison has provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds*, 430 U.S. at 425.

Denial-of-access-to-the-courts claims require a showing of actual injury. "'[A] plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic.' Rather, a plaintiff must demonstrate that the lack of a law library or inadequate access to counsel hindered his 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (quoting *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*). As plaintiff has pointed to no prejudice or injury suffered from the alleged denial of law library access, his denial of access to the courts claim should be **DISMISSED**.

In summary, it is **RECOMMENDED** that plaintiff's denial-of-access-to-the-courts claims be **DISMISSED**. His denial-of-adequate-medical-care, as it relates to prescription medication, and access to counsel claims survive preliminary review. The Clerk of Court is **DIRECTED** to

forward a copy of this Order, along with plaintiff's Complaint, doc. 1, Amended Complaint, doc. 18, and Amendments, docs. 23 & 25, to the United States Marshal for service upon the named defendants.

This supplemental report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 9th day of November, 2020.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA